Mr. Justice Bobb
delivered the opinion of"the court:
This is an appeal by Joseph Sanders from a decision of the Commissioner of Patents in an interference proceeding in which priority of invention was awarded Victor H. Emerson, the senior party.
The invention is narrow in scope and involves an alleged improvement in a sound record for talking machines. The issue is expressed in the following counts:
“1. A sound record composed of a body portion containing inferior plastic material unsuited for a smooth record surface, a record surface coating of superior shellac-like record material, and a separating sheet between said body portion and said coating, to which sheet said body portion and coating adhere.
“2. A sound record composed of a body portion containing inferior plastic material rendered plastic by heat, and unsuited for a smooth record surface, a record surface coating of superior shellac-like record material, and a separating sheet between said body portion and said coating, to which sheet said body portion and coating adhere.
“3. A sound record composed of a body portion containing inferior plastic material unsuited for a smooth record surface, a record surface coating of superior shellac-like record material, and a separating sheet between said body portion and said coating, to which sheet said body portion and boating adhere under heat and pressure.”
The idea of constructing the body or base of such a record of a coarse material, and the surface of a finer material, was not new. See Patent to Lambert, No. 664,223. The idea of interposing a “separating sheet between said body portion and said coating” was new, and constitutes the gist of the invention.
The Examiner of Interferences in his opinion reviewed the evidence with care, discussed at length the contentions of the parties, and awarded priority of invention to Emerson. Upon appeal to the Examiners in Chief, two members sitting, one member of the board was of the opinion that the decision of the *600 Examiner should be sustained, while the other member entertained a contrary view. An appeal was then taken to the Commissioner, whose decision was, as we have stated, in favor of Emerson.
Upon the'taking of Emerson’s proof certain objections were noted by Sanders, because, as Sanders conceived, some of the questions were leading, and because counsel for Emerson instructed witnesses to decline to answer certain questions propounded during cross-examination. These objections, however, so far as the record discloses, were not brought to the attention of either the Examiner of Interferences or the Examiners in Chief. Evidently, in the presentation of his case before the Commissioner, Sanders adverted to them, for in closing his opinion the Commissioner says: “Sanders has criticized the
forms of questions and the position taken by counsel for Emerson in advising his client that certain questions need not be answered.” Finding that Emerson had “satisfactorily established his claim of prior inventorship of the invention in issue by a preponderance of competent evidence,” the Commissioner did not stop to consider these objections. For the same reason, we do not deem it necessary to do so here. Moreover, it well might be held that failure on the part of Sanders to insist upon the objections in the hearings before the two lower tribunals constituted a waiver thereof.
A review of Emerson’s evidence leaves no room for doubt that in December, 1903, many months prior to the entry of Sanders into the field, Emerson made a sound record embodying this invention. We shall not review that evidence since it has been carefully reviewed by the Patent Office. In making this sound record Emerson used a base or body of inferior material. This idea, as previously suggested, was old. He then cut two sheets of celluloid and two sheets of paper to fit his dies, and then covered one side of each sheet of paper with shellac. He then placed in the bottom of the hot die a piece of celluloid, over this a sheet of paper with a shellac surface against the celluloid, then the inferior material of asphaltum and resin, then a sheet of paper with the shellac side up, then *601 the other sheet of celluloid. Over this came the top of the die. Pressure' was then applied to the mass, and a sound record produced. While this sound record was not a finished commercial product, it, nevertheless, fully demonstrated the success-of the invention; in other words, it reproduced sound accurately and possessed good wearing qualities. What remained to-be done required no further invention. It was merely a question of mechanical development.
Sanders insists that the above sound record first constructed by Emerson did not embody the issue. He says that the celluloid surface is not a “coating,” does not adhere to the separating sheet, and that this surface is not “superior shellac-like.” These contentions are clearly based upon a misconception of the issue. There is no limitation in the claims as to the manner in which the separating sheet is to be made to adhere to the-material above and below it. The sheet is merely to be between the body portion and the coating, and when the record is complete the three must be one. In fact, from an inspection of Sanders’s application it appears that he did not contemplate a direct adherence, for he speaks of the use of Shellac between the two surfaces as a cementing material. His present contention is an afterthought, and finds no support either in the applications or in the elaims. His second contention has no greater-merit. In interpreting these claims we must give them as broad a meaning as their terminology will reasonably permit. Miel v. Young, 29 App. D. C. 481; Lindmark v. Hodgkinson, 31 App. D. C. 612. Giving the claims such an interpretation, we agree with the Patent Office that “coating” as therein used simply means an outer layer or covering, and that any surface material which is “shellac-like” responds to the issue. In his application Emerson refers to shellac, but says, “It is obvious that-other gums, celluloid, or like materials may be employed in the same way.” Sanders in his application refers to shellac as the-best substance for a binder, but he is careful not to limit himself to that substance, as later on he refers to this material as-“gramophone record material.” The Patent Office has found. *602 that celluloid is a shellac-like substance within the meaning of •■these claims, and we are quite content with that.finding.
The decision of the Commissioner will therefore be affirmed.

Affirmed.